UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY A MOSCORELLI, | ) | CASE NO. 1:15-cv-1509 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Gary Moscorelli ("plaintiff" or "Moscorelli") appeals from the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his applications for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB"). The matter was referred to Magistrate Judge Nancy A. Vecchiarelli for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge's R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 17.) Plaintiff has filed objections to the R&R (Doc. No. 18 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 19 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules plaintiff's objections, accepts the R&R, and dismisses the case.

I. STANDARD OF REVIEW[1]

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

---

[1] Plaintiff does not object to the Magistrate Judge's recitation of the facts and procedural history in the R&R. The Court adopts and incorporates that portion of the R&R in full. Where needed to provide proper context for plaintiff's objections, certain facts will be provided within this Memorandum Opinion.

to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "'Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Besaw v. Sec'y of Health & Human Servs*., 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec*., 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec. Admin*., 478 F.3d 742, 746 (6th Cir. 2007) (further citation omitted)). Likewise, a court "cannot uphold an ALJ decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

## II. THE ALJ'S DECISION AND THE R&R

The R&R recommends that the March 17, 2014 decision of the Administrative Law Judge ("ALJ"), which became the final decision of the Commissioner following administrative review, be affirmed. In advancing this recommendation, the Magistrate Judge rejected plaintiff's arguments that: (1) the radiological tests of plaintiff's shoulders and lumbar spine and the treatment records of Mark Verdun, D.O. constitute new and material evidence warranting a sentence six remand; (2) the ALJ improperly evaluated plaintiff's degenerative disc disease at Step Three of the sequential evaluation; and (3) the ALJ failed to explain why he did not include certain functional limitations assessed by two state agency psychological consultants in the Residual Functional Capacity ("RFC"). (*See* R&R at 439.)[2]

The third argument related to the fact that the ALJ did not include in the RFC a portion of Dr. Leslie Rudy's July 25, 2012 opinion that "limited [plaintiff] to simple and routine tasks in an environment without frequent social demands or strict quota/production demands." (Doc. No. 10 at 123.) According to plaintiff, similar limitations set forth in Dr. Robyn Hoffman's November 19, 2012 opinion were also omitted from the RFC. (*Id*. at 136-37 [plaintiff should be "limited to short cycle work in an environment without frequent social demands with coworkers or strict quota/production demands[,]" and that he "should not work directly with the general public. Work should be routine."].)

The ALJ followed the familiar five-step sequential evaluative process for determining whether an individual is disabled. At Step Two, the ALJ determined that plaintiff had "moderate" difficulties functioning in social settings. (Doc. No. 10 at 78.) He also found that

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

plaintiff had only "mild" difficulties with concentration, persistence, and pace. (*Id*.) Specifically, the ALJ credited the July 2012 opinion of consultative psychological examiner, Dr. Richard Halas, who opined that plaintiff had the persistence and pace to perform simple tasks and to perform multi-step tasks. (*Id*.)

At Step Four, the ALJ crafted an RFC that permitted light work with certain limitations. With respect to plaintiff's social impairments, the RFC provided that plaintiff "can have superficial interaction with the public and coworkers." (*Id*. at 79.) The ALJ also acknowledged the opinions of state agency psychologists, Dr. Rudy and Dr. Hoffman, and made specific reference to the limitations contained therein relating to the need to avoid strict quotas and excessive interaction with coworkers and the public, as well as plaintiff's need to limit his work to simple and repetitive tasks. (*Id*. at 82.) However, the RFC did not incorporate quota restrictions or the need to be limited to simple, repetitive tasks. (*Id*.) While the ALJ indicated that he gave "some weight" to the opinions of the state agency psychologists, he explained that the record included "updated evidence" that "changed the assessments." (*Id*.) In contrast, he assigned "great weight" to the opinion of Dr. Halas, noting that it was generally consistent with the record evidence. (*Id*.)

The Magistrate Judge rejected plaintiff's argument that the ALJ erred in failing to include all of the limitations suggested in the opinions of Drs. Rudy and Hoffman. With respect to the limitations on social interaction, the Magistrate Judge reasoned that plaintiff failed to explain how the restriction to only "superficial interaction with the public and coworkers" did not adequately incorporate plaintiff's moderate difficulties in social settings. (R&R at 459.) The Magistrate Judge further observed that the fact that the ALJ's RFC did not incorporate any prohibitions against strict quota or production demands or limit plaintiff to routine work did not

require remand because the ALJ adequately explained his reasons for omitting these restrictions. The R&R ultimately concluded that the RFC was supported by substantial evidence. (*See id*. at 459-60.)

### III. PLAINTIFF'S OBJECTIONS

Plaintiff confines his objections to his third argument—addressing the sufficiency of the RFC—and, specifically, to the failure of the RFC to include prohibitions on strict production demands and quotas. He complains that the ALJ's decision is deficient because the ALJ failed to adequately explain why his RFC assessment did not include the quota restrictions contained in the medical opinion evidence offered by the state agency psychologists. Plaintiff maintains that this represents a clear violation of Social Security Ruling ("SSR") 96-8p, which "requires an ALJ to explain why his RFC assessment excludes conflicting medical opinion evidence *in every case*." (Obj. at 468, citing SSR 96-8p, 1996 WL 374184 (July 2, 1996)) (emphasis in original). According to plaintiff, the ALJ's explanation of the omission was limited to his representation that he afforded greater weight to the consultative psychologist's opinion. This explanation, plaintiff insists, is inadequate to satisfy SSR 96-8p. To the extent that the R&R found to the contrary, he takes issue with that determination. (*Id.*)

It is well settled that an ALJ is not required to discuss each and every piece of evidence in the record for his decision to stand. *See, e.g., Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). However, where the opinion of a medical source contradicts his RFC finding, an ALJ must explain why he did not include its limitations in his determination of a claimant's RFC. *See, e.g., Fleischer*, 774 F. Supp. 2d at 881 ("In rendering his RFC decision, the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would

5

change his analysis.") (citations omitted). SSR 96-8p provides, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

While he must explain his reason for rejecting any part of the opinions of the state agency psychologist, this explanation requirement does not extend to offering "good reasons" for rejecting these non-treating medical sources. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) ("a claimant is entitled under the SSA only to reasons explaining the weight assigned to his treating sources"); *see Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("opinions from nontreating and nonexamining sources are never assessed for 'controlling weight'"); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("In the absence of treating-source status for these doctors, we do not reach the question of whether the ALJ violated *Wilson* by failing to give good reasons for not accepting their reports."); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (finding doctor's opinion was not entitled to the presumptive weight accorded a treating physician's opinion because he was "merely an examining physician"). Further, as with any medical source opinion, an ALJ need only accept those limitations he finds credible, *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993), and his "RFC finding does not need to correspond to a particular physician's opinion." *Miller v. Soc. Sec. Admin.*, Civil No. 3:14-2274, 2015 WL 4394800, at *7 (M.D. Tenn. July 16, 2015) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).

Here, the ALJ's explanation was not limited, as plaintiff suggests, to a mere identification of the various levels of weight he gave to the medical source opinions. Rather, the ALJ explained

that he only afforded "some" weight to the opinions of the state agency's psychologists because the "updated evidence changed the assessments." (Doc. No. 10 at 82.) He does not specifically identify this "updated evidence," though the decision, as a whole, contains a detailed discussion of the medical evidence in the record.[3]

Admittedly, this explanation is thin, and it would not likely pass for a "good reason" for discounting a treating physician's opinion. However, the ALJ was only tasked with offering an explanation, and the Court finds that the ALJ offered a satisfactory explanation for the weight afforded to the opinions of the state agency psychologists and the reasons why some but not all of the limitations offered by these sources were incorporated into the RFC. *See, e.g., Stringer v. Colvin*, No. 3:14-1255, 2015 WL 5037064, at *8 (M.D. Tenn. Aug. 24, 2015) (the ALJ provided satisfactory explanation for weight afforded to opinion of non-treating physician, even though he did not specifically explain why he chose not to adopt each and every limitation offered). It is evident that the ALJ thoroughly consider all of the medical evidence, including the opinions of the non-treating state agency psychologists, incorporating some of the limitations suggested by Drs. Rudy and Hoffman and rejecting others.[4] Moreover, the ALJ's explanation makes clear that he found the opinion of Dr. Halas, which did not contain quota restrictions, more consistent with

---

[3] A more complete reference to the "updated evidence" appears in a preceding paragraph wherein the ALJ explained that he only afforded "some" weight to the opinions of the state agency medial consultant because "updated medical evidence and testimony changed their assessment." (Doc. No. 10 at 82.) It is undisputed that the testimony offered at the hearing, including plaintiff's testimony regarding his medical conditions, focused exclusively on his physical impairments.

[4] These facts are in direct contrast with this Court's ruling in *Fleischer*—a decision upon which plaintiff heavily relies. There, the ALJ "failed to even mention" the only medical source opinion that contained an RFC assessment. *Fleischer*, 774 F. Supp. 2d at 881. Because it was unclear whether the ALJ even considered this opinion, the Court ruled that the omission prevented the "Court from reviewing the ALJ's RFC determination and necessitate[d] reversal." *Id*. (collecting cases); *see, e.g., Blackman v. Comm'r of Soc. Sec. Admin*., No. 1:12-CV-2715, 2014 WL 991943, at *4 (N.D. Ohio Mar. 13, 2014) (recommending remand because the ALJ "did not mention [certain] medical sources in his decision[,]" and those opinions contained limitations that would have warranted a more restrictive RFC).

the record evidence than those offered by the state agency psychologists. In fact, at Step Two, he specifically credited Dr. Halas' determination that plaintiff had no difficulties with persistence and pace, which would support a finding that production requirements would not be problematic. (Doc. No. 10 at 78.) The ALJ's decision also highlighted the fact that plaintiff had no psychological symptoms of anxiety during Dr. Halas's examination, and Dr. Halas's report, upon which the ALJ indicated he afforded great weight, provided that plaintiff denied any psychiatric intervention or treatment. (*Id.* at 78; Doc. No. 10 at 308.) A finding that mental deficiencies interfere with plaintiff's ability to concentrate would be inconsistent with such an assessment, and the ALJ was not required to incorporate contrary limitations that he did not find credible. *See Casey*, 987 F.2d at 1235.

The Court agrees with the Magistrate Judge that more clarity from the ALJ would not have gone amiss, and it certainly would have been helpful if the ALJ had presented his RFC analysis in one concise statement. However, it is only necessary that the ALJ's explanation, in the context of the decision as a whole, afford an opportunity for meaningful review so that the reviewing court can ensure that the decision is supported by substantial evidence. *See, e.g., Miller*, 2015 WL 4394800, at *7 ("Although Plaintiff is correct that the ALJ did not explicitly state Plaintiff's mental limitations in a concise sentence within her RFC determination . . . the entirety of the ALJ's decision and the hearing record show that she considered Plaintiff's mental limitations in determining her RFC."); *cf. Thompson v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-2372, 2014 WL 356974, at *4 (N.D. Ohio Jan. 31, 2014) (recommending remand where ALJ failed to explain why he did not accept quota limitations and the "remainder of the ALJ's opinion d[id] not provide sufficient insight as to why the ALJ discounted the limitation[.]"). The ALJ's explanation was sufficient to permit judicial review. Further, the Magistrate Judge found that the

8


resulting RFC was supported by substantial evidence, and plaintiff has not challenged that assessment.

Reviewing courts are not sanctioned to require remand to obtain the perfect administrative decision. *See Kobetic v. Comm'r*, 144 F. App'x 171, 173 (6th Cir. 2004) (citing *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6, 89 S. Ct. 1426, 22 L. Ed. 2d 704 (1969) (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game") and *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.")). Because the ALJ properly considered the opinion evidence relative to plaintiff's ability to cope with production demands, remand on this point is not warranted. *See, e.g., Hobson v. Comm'r of Soc. Sec. Admin.*, CASE NO. 3:14-cv-2576, 2016 WL 1455755, at *10 (N.D. Ohio Jan. 19, 2016) ("While there may be evidence supporting a more restrictive RFC assessment, the ALJ's ruling must be upheld where adequate evidence supports it.") (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

## IV. CONCLUSION

For all of the foregoing reasons, the plaintiff's objections are overruled, the R&R is accepted, and the decision of the Commissioner is AFFIRMED. This case is closed.

**IT IS SO ORDERED**.

Dated: August 26, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**